UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Adrian Owens,

        Plaintiff,

v.

Commissioner of
Social Security,

        Defendant.

_____

Case No. 21-12486
Judge Jonathan J.C. Grey

## ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

Adrian Owens seeks judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying Owens' application for disability insurance benefits under the Social Security Act. On May 20, 2022, Owens filed a motion for summary judgment (ECF No. 14), and on June 13, 2022, the Commissioner filed a cross-motion for summary judgment (ECF No. 15).

For the following reasons, the Court **DENIES** Owens' motion for summary judgment (ECF No. 14), **GRANTS** the Commissioner's motion for summary judgment (ECF No. 15), and **AFFIRMS** the ALJ's decision.

I.  **Background**

    **A. Procedural history**

On April 2, 2019, Owens filed an application for a period of disability and disability insurance benefits. (Tr. 221.[1]) In his application, Owens alleged that his disabling condition began on March 7, 2015. (*Id.*) On September 9, 2019, the Social Security Administration ("agency") denied Owens' claims for disability payments and Supplemental Security Income ("supplemental") payments. (Tr. 93, 102.) Owens' requested a hearing and appeared with counsel before Administrative Law Judge Christopher Mattia (ALJ) on October 3, 2019. (Tr. 114.)

The ALJ determined that Owens was not disabled for the purposes of the Social Security Act from March 7, 2015 through September 30, 2020, the date of the decision. (Tr. 12.) On August 18, 2020, the Appeals Council (AC) denied Owens' application to review the ALJ's decision. (Tr. 1.)

    **B. The ALJ's application of the disability framework**

Under the Social Security Act, disability benefits are available only to those who have a "disability." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (citing 42 U.S.C. § 423(a), (d) and 20 C.F.R. §§ 404.1520, 416.920). The act defines "disability" as the "inability to engage in any substantial gainful activity by

---

[1] The administrative record appears on the docket at ECF No. 10. All references to it are identified as "Tr."

reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A); *accord* 20 C.F.R. §§ 404.1505, 416.905(a) (Aug. 24, 2012) (nearly identical definitions with additional details promulgated by the agency).

The Commissioner determines whether a claimant is disabled through a five-step sequential analysis. 20 C.F.R. §§ 404.1520, 416.920 (Aug. 24, 2012) (five-step analysis for supplemental payments). First, if the claimant is engaged in significant gainful activity, no disability will be found. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (Aug. 24, 2012). Second, the agency will find no disability if the claimant does not have a severe impairment or combination of severe impairments for a continuous period of at least 12 months. *Id.* Third, the Commissioner will determine that the claimant *is disabled* if the claimant's severe impairment meets or equals one of the impairments listed in the agency's regulations. *Id*. Fourth, if the claimant's impairment meets no listing, and the claimant has the residual functional capacity (RFC) to perform any past relevant work, no disability will be found. *Id*. Fifth, even if the claimant is unable to perform their past relevant work, benefits are denied if the claimant can adjust to other work given the claimant's RFC, age, education, and work experience. *Id*. If

3

the Commissioner "makes a dispositive finding at any point in the five-step process," the evaluation will not proceed to the next step. *Id*.

The claimant bears the burden of proof through step four, in which they must show "the existence and severity of limitations caused by [their] impairments and the fact that [they are] precluded from performing [their] past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)); *accord* 20 C.F.R. §§ 404.1521(a)(1), 416.912(a)(1) (Mar. 27, 2017). At step five, determining whether the claimant can adjust to other work in the economy, the burden shifts to the Commissioner. *Jones*, 336 F.3d at 474; 20 C.F.R. §§ 404.1512(b)(3), 416.912(b)(3) (Mar. 27, 2017). That is, the Commissioner must "identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity." *Jones*, 336 F.3d at 474.

Owens was 52 years old on the alleged disability onset date. (Tr. 25.) Owens had a high school education. (*Id.*) Owens has past relevant work experience as a fast-food services manager, Dictionary of Occupational Titles (DOT) #185.137-010; pizza baker, DOT # 313.381-014; deliverer, DOT #299.477-010; and cleaner, DOT #381.687-014. (Tr. 24.)

The ALJ applied the five-step disability analysis and found at step one that Owens had not engaged in substantial gainful activity since the alleged disability

onset date of March 7, 2015. (Tr. 19.) At step two, the ALJ found that Owens had the following severe impairments: osteoarthritis in the bilateral hips, osteoarthritis in the knees, and carpel tunnel syndrome in the wrists. (*Id.*) At step three, the ALJ found that Owens did not have an impairment or combination of impairments that met or medically equaled one of the listings in the regulations. (*Id.*) Next, the ALJ determined that Owens has the RFC to perform light work with additional limitations:

> I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except lift and carry ten pounds frequently and twenty pounds occasionally; stand or walk for six hours in an eight-hour workday; sit for six hours in an eight-hour workday; push or pull within the aforementioned weight restrictions; occasionally climb, kneel, crouch, or crawl; frequently balance or stoop; frequently handle; and occasionally have exposure to vibration, unprotected heights, or moving mechanical parts.

(Tr. 19–20.) At step four, the ALJ found that Owens could not perform any of his past relevant work. (Tr. 24.) At step five, considering Owens' age, education, work experience, and RFC, the ALJ found that Owens could perform jobs that exist in significant numbers in the national economy, including office and administrative support worker, DOT #219.362-010, with approximately 50,000 jobs; general office clerk, DOT #209.562-010, with 300,000 jobs; file clerk, DOT #206.387-034, with 80,000 jobs. (Tr. 25–26.)

5

## II. Discussion

### A. Standard of review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final administrative decision. The Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citations and internal quotations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted). The Court should examine the whole record when reviewing the ALJ's decision, and not just the facts cited to in that decision. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) (citations omitted). A finding of substantial evidence must be based on the whole record and must take evidence into account that fairly detracts from its weight. *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990) (citations omitted).

However, an error of law denotes a lack of substantial evidence requiring remand. *See Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 410 (6th Cir. 2009) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004))

(discussing errors of law regarding the now defunct treating physician rule). Failure to follow agency regulations is an error of law. *See id*. An error of law may be harmless. *See id*. at 409. A failure to abide by the agency's procedural rules is not harmless error when the court cannot engage in "meaningful review" of the ALJ's decision. *See id*. (quotations omitted).

**B. Analysis**

Owens appeals the ALJ's decision claiming that the ALJ committed legal error and that the ALJ's RFC determination is not supported by substantial evidence. (ECF No. 14.) Owens makes two arguments. First, Owens claims that the ALJ failed to properly evaluate the opinion of one of Owens' treating physicians, Joseph Williams, D.O. (*Id.*) Second, Owens argues that the ALJ used the ALJ's own lay opinion to establish the manipulation limitation and did not rely on any of the medical opinion evidence when determining that limitation. (*Id.*)

A residual functional capacity (RFC) is "the most [the claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 416.945(a)(1). The agency clarifies:

> RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule.

7

SSR 96-8p (July 2, 1996). The ALJ will use the relevant medical and other evidence in the record when determining a claimant's RFC, including medical opinions from the treating and non-treating medical providers. 20 C.F.R. § 416.945(a)(3).

The medical opinion evidence Owens submitted was evaluated by the ALJ under 20 C.F.R. § 416.920c because Owens filed his application after March 17, 2017. (Tr. 221.) This new rule replaces the former treating physician rule, *see* 20 C.F.R. § 416.927 (March 27, 2017), which gave substantial deference to treating medical source opinions. *See Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 905 (E.D. Mich. 2021). Under the new rule, no one medical opinion is given controlling weight. 20 C.F.R. § 416.920c. Each opinion must be evaluated for supportability and consistency with the record; the medical source's relationship with the patient; and any specialized training or experience the medical source possesses. *Id*. Further, the agency may look at the medical source's familiarity with other evidence in the record and familiarity with agency policies and evidentiary requirements. The most important factors are supportability and consistency with the record. *Id*. (only requiring the ALJ to discuss these factors in a decision; the others are optional).

The ALJ discounted Dr. Williams' January 8, 2016 medical source statement because the opinions were "vocationally vague" and were not supported

by the given explanations or the record evidence. (Tr. 23.) The ALJ cited to contemporaneous evidence in the record of unremarkable medical examination findings. (Tr. 23, 341–42.) The ALJ also cited to evidence in the record of the claimant's own contemporaneous statements that he was busy, on his feet, and carrying crates weighing up to twenty pounds up and down stairs daily. (Tr. 342.) Next, the ALJ discounted the June 4 and June 22, 2020 medical source statements as unsupported by explanations (Tr. 23) and inconsistent with the objective medical evidence (Tr. 327–26, 330, 393, 399), conservative treatment provided (Tr. 341–44), and the intermittent treatment record (Tr. 341–44, 389, 392–93).

The ALJ adequately analyzed Dr. Williams' medical opinion evidence under 20 C.F.R. § 416.920c. As stated above, the ALJ established that Dr. Williams' opinions were unsupported and inconsistent with the evidence and cited to specific portions of the record substantiating his finding. The Court finds that the ALJ's decision to discount Dr. Williams' opinion is supported by substantial evidence.

In *Hardy*, the claimant made a similar argument to Owens'. The court found that the ALJ committed legal error requiring remand by failing to apply the new regulations when discrediting the claimant's treating physicians' medical opinions. 554 F. Supp. 3d at 904. There, the ALJ dismissed the treating physician's claims by stating they were overly sympathetic and otherwise unpersuasive. *Id*. at 907. The ALJ further stated that "as detailed" in the ALJ's summary, the medical

opinions were not supported by the clinical examinations. *Id.* Further, the ALJ dismissed the other two physicians' medical opinions as unpersuasive and for lacking support from the physicians' own contemporaneous treatment documentation or from the record as a whole. *Id.* at 906. However, the ALJ never cited to specific facts or portions of the record to support the ALJ's decision to discount the medical opinions. *Id.* The rationale used by the ALJ here, which did cite to and discuss specific facts and record evidence, is more than adequate for purposes of the regulation. *See* 20 C.F.R. § 416.920c. This is especially so when comparing the ALJ's reasoning here to the conclusory statements with no citations made by the ALJ in *Hardy*. *Compare* (Tr. 23) *with* 554 F. Supp. 3d at 907. The Court finds that the ALJ committed no legal error when it found Dr. Williams' opinion unsupported and unpersuasive and that the ALJ's finding was supported by substantial evidence.

Next, Owens argues that the ALJ committed legal error when he did not refer to any of the evidence that supported Dr. Williams' opinions when discrediting them. (ECF No. 14.) However, ALJs are not required to point to all the evidence considered or that detracts from their findings when making determinations. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 285 (6th Cir. 2009); *see also Loral Defense Sys.-Akron v. NLRB*, 200 F.3d 436, 453 (1999). If it is clear that the ALJ considered the whole record and that the determinations are

supported by substantial evidence from the record, the ALJ's decision must stand. *See White*, 572 F.3d at 285. Here, the ALJ relied on evidence that substantially supported his decision notwithstanding any of the evidence that supports Owens' claim. (*See* Tr. 23.) Further, it is clear that the ALJ considered the evidence in support of Dr. Williams' opinion since the ALJ summarized the objective medical evidence that did support Dr. Williams' opinions. (Tr. 21–23.) Therefore, the ALJ committed no legal error by failing to mention the evidence that supported Dr. Williams' medical opinions when discrediting those opinions.

Next, Owens claims that the ALJ failed to follow SSR 96-9P by not making a finding as to whether Owens required a cane as a medical necessity. (ECF No. 14.) As the Commissioner correctly points out (ECF No. 15), SSR 96-9P only applies when the ALJ finds that the claimant is capable of doing less than a full range of work. Further, SSR 96-9P sets requirements for *finding that a cane is medically required*, not for when the ALJ declines to make such a finding. *See* SSR 96-9P ("[t]o find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device"). While the agency regulations do not require the ALJ to determine the medical necessity of the cane in every case, the ALJ is required to address all medical evidence including treatment evidence and doctors' notes when determining an RFC. *See* 20 C.F.R. § 404.1529(c). But, as stated above, the ALJ

11

properly evaluated the evidence in the record when determining Owens' RFC, including the treating source statement provided by Dr. Williams' indicating that Owens' needed to use a cane occasionally with flare ups.

Finally, Owens challenges the ALJ's finding that Owens can use his hands for frequent handling. (ECF No. 14.) Owens claims this finding is unsupported by substantial evidence because the ALJ rejected every medical opinion regarding Owens' manipulation limitations and rendered a lay opinion instead. (*Id.*) The ALJ rejected the three medical opinions covering this ability: (1) Dr. Williams', (2) examining consultant Amjad Shidyak, M.D., and (3) state agency consultant Natalie Gray, M.D. (Tr. 23–24.) Both Dr. Shidyak and Dr. Gray found lesser restrictions on Owens' manipulation abilities than the ALJ. (*Id.*) The ALJ found those opinions unpersuasive because the evidence reflected a more extensive limitation than either Dr. Shidyak or Dr. Gray found. (*Id.*) Owens' does not challenge the discounting of these opinions. Further, the ALJ rejected Dr. Williams' more restrictive findings for the reasons mentioned above. (*Id.*) After rejecting all of the medical opinions, the ALJ found that Owens could frequently handle with occasional exposure to vibrations. (Tr. 24.) For the following reasons, this was not legal error.

The ALJ is permitted to discount or credit medical opinions using the criteria in 20 C.F.R. § 416.920c. And an ALJ can give little weight to every

12

medical opinion in the record and determine the claimant's RFC based on the medical record alone. *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 Fed. Appx. 395, 401–402 (6th Cir. 2018). Owens does not challenge the ALJ's discounting of Dr. Shidyak's and Dr. Gray's medical opinions, and the Court finds that the ALJ's decisions are supported by substantial evidence. The Court has already found that the ALJ's decision to discount Dr. Williams' statements was supported by substantial evidence. The ALJ relied on the medical evidence showing mild and very mild carpel tunnel syndrome on the right and left hand, respectively when determining Owens' ability to manipulate. (Tr. 399.) The Court finds that the ALJ's determinations here were also supported by substantial evidence. *See Mokbel-Aljahmi*, 732 Fed. Appx. at 401–402.

### III. Conclusion

For the preceding reasons, the Court **DENIES** Owens' motion for summary judgment (ECF No. 14), **GRANTS** the Commissioner's motion for summary judgment (ECF No. 15), and **AFFIRMS** the ALJ's decision.

**SO ORDERED.**

Dated:  March 31, 2023                    s/**Jonathan J.C. Grey**
                                          Jonathan J.C. Grey
                                          United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 31, 2023.

<u>**s/ S. Osorio**</u>
Sandra Osorio
Case Manager